UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EUGENE GREENE, | Case No. 25-12386 |
| Plaintiff, | Brandy R. McMillion |
| v. | United States District Judge |
| DEPUTY WARDEN, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

## **ORDER FOR PLAINTIFF TO NAME DEFENDANT DEPUTY WARDEN**

Among the Defendants named in Plaintiff Reginald Eugene Greene's *pro se* prisoner civil rights lawsuit is an unnamed deputy warden at the Michigan Department of Correction's ("MDOC") "Macomb Facility" (presumably, the Macomb Correctional Facility ("MRF")). (ECF No. 1, PageID.4). The District Judge referred all pretrial matters to the undersigned. (ECF No. 18).

After the parties did not reach a settlement during mediation, the Court lifted the stay on the proceedings in this case on November 4, 2025. (ECF No. 12). In doing so, the Court directed the Clerk's Office to prepare the forms necessary to effect service of process on Defendants. (*Id.*). The United States Marshals Service ("USMS") subsequently received service of process documents for Defendants McClain, Inger, Palmer, and Hall. (ECF No. 13). These Defendants have since waived service of process. (ECF Nos. 14, 15, 16, 17).

That said, the USMS seemingly has not received service of process documents for Defendant Deputy Warden.  This is likely because Plaintiff did not identify the deputy warden he sues here.  Without identifying that Defendant, the USMS cannot serve the summons and complaint.  Federal Rule of Civil Procedure 4(m) requires the Court to dismiss any defendant who remains unserved within 90 days of filing the complaint, unless good cause is shown.

Plaintiff is **ORDERED** to identify the deputy warden by name **no later than January 5, 2026**.  Plaintiff should be able to identify the deputy warden whose allegedly unlawful conduct violated Plaintiff's constitutional rights.  The limited notices of appearance of counsel in the record each identify Robin Howard as a Defendant, and Robin Howard is the only Defendant listed in those filings who is not named in the complaint.  (ECF Nos. 7, 9).  Even so, it is Plaintiff's responsibility to provide sufficient information to the USMS so it may effect service of process on his behalf.  Accordingly, Plaintiff must identify the deputy warden.

Failure to timely or adequately respond to this Order will result in an Order to show cause why the unnamed deputy warden should not be dismissed under Rule 4(m).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 10, 2025                             s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.
                                                    United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 10, 2025.

                                                    s/Sara Krause
                                                    Case Manager
                                                    (810) 341-7850